So Ordered.

Signed this 18 day of October, 2023.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of Ogdensburg, New York,<br><br>Debtor. | Case No.:  23-60507<br><br>Chapter 11 |
| The Roman Catholic Diocese of Ogdensburg, New York, *et al.*,[1]<br><br>Plaintiffs,<br><br>v.<br><br>Certain Underwriters at Lloyd's, London, *et al.*,<br><br>Defendants. | Adv. Proc. No.: 23-80013 |

**ORDER REFERRING CERTAIN MATTERS TO MEDIATION**

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for entry of an order referring certain matters to mediation (the "Mediation") pursuant

---

[1] The Caption has been abbreviated pursuant to Federal Rule of Civil Procedure 10 and Federal Rule of Bankruptcy Procedure 7010.  If you would like to see the full caption in this adversary proceeding, please refer to the Adversary Complaint found at Docket No. 1.

to 11 U.S.C. § 105(a) and Rule 9019-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of New York [Adv. Pro. Docket No. 5; Docket No. 44] (the "Motion"),[2] and upon finding that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); and that venue of the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and this Court having determined that directing the mediation and granting the other relief requested in the Motion is in the best interests of the Diocese, its estate, its creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Diocese, the Related Entities (the Diocese and the Related Entities, together the "Diocesan Entities"), the Committee, and each of the insurers identified as defendants in the above-captioned adversary proceeding (together, the "Insurers") (each, a "Mediation Party" and collectively, the "Mediation Parties") are hereby referred to global mediation to mediate any and all issues relating to a settlement of this Chapter 11 Case, including without limitation, (i) the merits and valuation of Abuse Claims, including any legal and factual defenses to liability the Diocese or the Related Parties may have, (ii) the availability of insurance coverage for the Abuse Claims pursuant to the Policies, including any legal or factual defenses to coverage asserted by each of the Insurers, and the amounts to be contributed by each of the Insurers to a global settlement of Abuse Claims, (iii) the amount that the Diocese and the Related Parties will

---

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

contribute to a global settlement of Abuse Claims, and (iv) all other controversies relating to the development, funding, and contents of a chapter 11 plan of reorganization addressing the Abuse Claims (collectively, the "Mediation Issues"), together with any and all other issues that the mediator and/or the Mediation Parties determine will be helpful in achieving a settlement of the Abuse Claims and the Diocese's and Related Parties' claims against the Insurers, or otherwise facilitating the formulation of a chapter 11 plan of reorganization for the Diocese.

3. Each of the Mediation Parties are hereby directed to use good faith efforts to promptly agree on the selection of a mediator (who shall not be required to be a member of the Court's regular panel of approved mediators), to confirm the mediator's availability and compensation structure, and to file a joint stipulation regarding such selection no later than November 2, 2023. In the event the Mediation Parties are unable to agree upon a mediator on or prior to November 2, 2023, the Diocesan Entities, the Committee and the Insurers may each propose up to three candidates for the Court's consideration, identifying for the Court each candidate's qualifications, proposed compensation structure, and any other material terms of engagement, and the Court shall then select a mediator from among the proposed candidates to conduct the mediation.

4. The Mediation Parties are directed to use their reasonable best efforts to coordinate with the mediator (once appointed) and to schedule an initial mediation session to be held at the discretion of the mediator (once appointed), provided however, nothing in this Order shall prohibit the Mediation Parties from conferring or discussing under the auspices of the mediation, any Mediation Issues prior to the first mediation session. Each of the Mediation Parties are hereby directed to participate in mediation in good faith and in an effort to resolve without further litigation their respective disputes regarding the Mediation Issues.

16622702.5

5.  Except as otherwise set forth herein, the mediation will proceed pursuant to Local Rule 9019-1 and the NDNY Mediation Rules. Without limiting the foregoing, pursuant to section 8.2 of the NDNY Mediation Rules: (a) the mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the Mediation Parties or by witnesses in the course of the mediation; (b) no person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, evidence pertaining to any aspect of the mediation effort, including, but not limited to: (i) views expressed or suggestions made by a Mediation Party with respect to a possible settlement of a dispute; (ii) the fact that another Mediation Party had or had not indicated willingness to accept a proposal for settlement made by the mediator, (iii) proposals made or views expressed by the mediator, (iv) statements or admissions made by a Mediation Party in the course of mediation, and (v) documents prepared for the purpose of, in the course of, or pursuant to the mediation; (c) without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediation or other alternative dispute resolution procedure shall apply; and (d) information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in mediation. All Mediation Parties are hereby directed to abide by any directive given by the mediator and to participate in mediation in good faith.

6.  The NDNY Mediation Rules are hereby waived or modified as follows:

  a.  to the extent they purport to impose any limitations on the duration of mediation and/or mediator compensation, provided, however, the proposed

- 4 -

16622702.5

compensation structure for the mediator shall be subject to the Court's review and approval in connection with a subsequent order appointing the mediator;

b.  Rule 7.3.3 is hereby modified to provide that any report to the court shall be in the mediator's sole discretion;

c.  Rule 10.2 is hereby modified to provide that any order shall be submitted at such date that the parties agree, or the mediator establishes; and

d.  Rule 10.4 is hereby waived.

7.  Following the initial mediation session, upon the request of any Insurer and in consultation with the Diocese and the Committee, the mediator may, in his or her sole discretion, excuse such Insurer's participation in subsequent mediation sessions until such time as the mediator determines, in his or her sole discretion, that requiring such Insurer to recommence participation in mediation would be beneficial to resolving any Mediation Issues.

8.  To permit the Mediation Parties to concentrate their efforts on mediation, all deadlines and actions required or permitted by the applicable procedural rules or law in connection with the Insurance Adversary, including, without limitation, the deadlines for the Insurers to answer, move, or otherwise respond to the complaint, shall be stayed, tolled, and held in abeyance pending further order of the Court (the "Mediation Stay"). The period of time from the commencement of the Insurance Adversary through the termination or modification of the Mediation Stay shall not be used as a basis, whether factual, legal, equitable, or otherwise, to oppose the assertion of any rights or defenses of any party.  In the event that the Diocese, the Committee, the Insurers, or the mediator, determine that the mediation process has failed or would benefit from judicial intervention with respect to one or more Mediation Issues, the parties shall promptly notify the Court, at which time the Court will consider whether to terminate or modify

the Mediation Stay (in whole or in part) and either enter a scheduling order for further proceedings in the Insurance Adversary or proceed in such other manner as the Court deems just and proper. Nothing herein shall limit the Committee's right to seek to intervene in the Insurance Adversary while the Mediation Stay is in place.

9. In the event that any Mediation Party determines that it cannot participate further in the Mediation because it has not received sufficient disclosure from any other Mediation Party, such Mediation Party may file a motion on expedited notice to seek appropriate relief from the Court.

10. Participation by any Mediation Party in the mediation shall not prejudice their respective rights with respect to any disputed issue in the Insurance Adversary or the Chapter 11 Case and all such rights, to the extent they existed prior to this Order, are preserved and may be exercised consistent with any order of the Court terminating or modifying the Mediation Stay. This includes, without limitation, the Mediation Parties' rights (if any) to seek a determination from this Court, or, upon withdrawal of the reference, from the District Court, with respect to any issue that may arise during the mediation requiring judicial resolution.

11. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall require any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product or any other legally recognized privilege.

12. Unless all Mediation Parties otherwise agree, the mediator shall not be eligible for post-confirmation employment by any trust or similar organization formed pursuant to a plan of reorganization in the Chapter 11 Case for the purposes of resolving and/or liquidating abuse claims.

16622702.5

13. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the Mediation Parties' rights or obligations under any insurance coverage that is the subject of the mediation or otherwise.

14. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

16622702.5